UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS MIGUEL MUNIZ, | ) | CASE NO. CV 11-07733 AG (RZ) |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | RE TIMELINESS |
| GEORGE NEOTTI, Warden, | ) ) | |
| Respondent. | ) ) | |

      The Court issues this Order To Show Cause directed to Plaintiff because the action may be time-barred.

      In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2560, 2562-63, 177 L. Ed. 2d 130 (2010).

The current petition was filed on September 16, 2011. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On February 14, 2007, a Los Angeles County Superior Court jury convicted Petitioner of first degree murder and other crimes. He was sentenced to state prison for 114 years to life. Pet. ¶ 2.

(b) Petitioner appealed. The California Court of Appeal affirmed on January 16, 2009. The California Supreme Court denied further direct review on April 22, 2009. Pet. ¶¶ 3, 4.

(c) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final after July 21, 2009, when the high court's 90-day period for seeking such relief expired. *See* SUP. CT. R. 13.1. His one-year AEDPA limitations period began to run on that date.

(d) Nearly a year passed. On June 25, 2010, Petitioner filed a habeas petition in this Court, case number CV 10-4741 AG (RZ). The Court dismissed that action as "mixed," i.e., because it included unexhausted claims, on May 12, 2011. (Petitioner currently is seeking a Certificate of Appealability from the Ninth Circuit in the appellate court's case number 11-5875. Because the above-captioned new action plainly includes all or most of the claims presented in the prior case now being appealed, the propriety of this new action is jurisdictionally questionable.)

(e) Three weeks after the assigned Magistrate Judge filed the January 25, 2011 Report urging that the prior federal action be dismissed as "mixed," on February 16, 2011 Petitioner filed a habeas petition in the California Supreme Court. That court denied relief on August 10, 2011.

(f) Petitioner filed the current petition on September 16, 2011.

* * * * *

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale late in July of 2010, a year after Petitioner's conviction became final. Thereafter, the pendency of Petitioner's prior, abortive *federal*-court petition did not toll the applicable one-year limitations period, unlike a properly-filed *state*-court habeas challenge. 28 U.S.C. § 2244(d)(2); *see Duncan v. Walker,* 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the record disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.


DATED: September 23, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-3-